UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRYAN W. WEIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00012-CMS |
| | ) | |
| FRANK BISIGNANO, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Before the Court are Plaintiff Bryan W. Weis's Social Security Complaint and Brief brought pursuant to 42 U.S.C. § 405(g) (Docs. 1, 9). For the reasons stated herein, the Court affirms the decision of the Commissioner denying Plaintiff's application for Disability Insurance Benefits.

## BACKGROUND

### I. Five-Step Analysis Used by the Social Security Commissioner

When reviewing a claim under 42 U.S.C. § 405(g), the Commissioner applies a five-step sequential test. "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." *Teabeau v. Kijakazi*, No. 4:21-cv-703-NCC, 2022 WL 4598672, at *2 (E.D. Mo. Sep. 30, 2022) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)). "The claimant has the burden of proof to show [he] is disabled through step four," with the burden of production shifting to the Commissioner at Step Five. *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). "The ultimate burden of persuasion to prove disability, however, always remains with the claimant." *Young v. Apfel*, 221 F.3d 1065,1069 n.5 (8th Cir. 2000).

The first step is an evaluation of whether the claimant is engaging in work activity and whether any such work constitutes "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If so, the claimant is not disabled. *Id.* Second, the Commissioner must examine the evidence to determine whether the claimant suffers from a severe "impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citing 20 C.F.R. § 416.920(c)). Third, the Commissioner evaluates the severity of the impairment, and if the impairment crosses a threshold set forth in the regulations, the claimant is disabled. 20 C.F.R. §§ 416.920(a)(4)(iii), (d).

Fourth, if the impairment is found to be severe but does not meet the threshold required for a presumptive finding of disability in Step Three, the Commissioner assesses the claimant's "residual functional capacity" (RFC) to perform sustained work based on the evidence in the record. *See* Sections 416.920(e), 416.945; *see also* SSR 96-8p, 1996 WL 374184 (July 2, 1996) (stating the SSA's policy interpretations regarding the RFC assessment). Following the determination of the claimant's RFC, the Commissioner assesses whether the claimant can perform the requirements of his past relevant work. 20 C.F.R. § 416.920(f). If so, the claimant is not disabled. *Id.*

Finally, at Step Five, the Commissioner determines whether the claimant can make adjustment to other work, given the claimant's RFC, age, education, and work experience. Section 416.920(a)(4)(v). If the claimant can make such adjustment, he is not disabled. *Id.* Further, if a claimant reaches Step Five, the Social Security Administration must meet a limited burden of providing evidence "that other work exists in significant numbers in the national economy that [claimant] can do." Section 416.960(c)(2).

## II. Factual Background

Plaintiff resides in Campbell, Dunklin County, Missouri. (Doc. 1 at 1). On October 13, 2022, Plaintiff filed an application for Disability Insurance Benefits under Title II of the Social Security Act. (Doc. 5-3 at 14). Plaintiff suffers from "degenerative disc disease of the cervical spine with radiculopathy; degenerative disc disease of the lumbar spine; carpal tunnel syndrome and ulnar neuropathy of the right upper extremity; [] obesity"; and "depressive disorder and anxiety disorder." (Doc. 9 at 2).

The administrative law judge (ALJ) held a hearing on September 11, 2024, and issued a decision on January 3, 2025. (Doc. 5-3 at 14, 27). The ALJ found in Step One that Plaintiff had not engaged in substantial gainful activity since the alleged onset of his disability and in Step Two that Plaintiff has the severe impairments of "degenerative disc disease of the cervical spine with radiculopathy; degenerative disc disease of the lumbar spine; carpal tunnel syndrome and ulnar neuropathy of the right upper extremity; and obesity . . . ." *Id.* at 16–17. Also in Step Two, the ALJ found Plaintiff had "mild limitation" in the area of "concentrating, persisting or maintaining pace." *Id.* at 18. In Step Three, the ALJ determined Plaintiff's severe impairments do not meet the threshold for an automatic finding of disability. *Id.* at 19.

In Step Four, the ALJ found that Plaintiff has the RFC to "perform light work," except for the following restrictions:

> [H]e can never climb ladders, ropes, or scaffolds. He can occasionally stoop. He can frequently climb ramps or stairs, kneel, crouch, or crawl. The claimant can perform work that involves frequent handling, fingering, and feeling with the right upper extremity. He can occasionally reach overhead with the bilateral upper extremities. He can perform work with no exposure to vibration or hazards such as unprotected heights.

*Id.* at 19. Finally, in Step Five, the ALJ found that Plaintiff "is capable of performing his past relevant work as a Quality Control Technician" based on the vocational expert's testimony. *Id.* at

27. The ALJ reasoned that Plaintiff's past work "does not require the performance of work-related activities precluded by" his RFC. *Id.*

## III. Procedural Background

Plaintiff filed his Complaint on January 21, 2026. (Doc. 1). Defendant Frank J. Bisignano, Commissioner of the Social Security Administration, filed the Certified Social Security Transcript on March 19, 2026. (Doc. 5). Plaintiff filed his Social Security Brief on May 20, 2026, challenging the ALJ's determination on the sole basis that the ALJ's Step Four findings were "contrary to law" because she "failed to provide sufficient analysis to explain why" Plaintiff's mild mental impairments and limitations were not included in her RFC determination. (Doc. 9 at 4). Defendant filed his Social Security Cross Brief on July 21, 2026. (Doc. 12). Plaintiff filed his Social Security Reply Brief on August 4, 2026. (Doc. 13).

## LEGAL STANDARD

The Court will affirm the decision of an ALJ "'if the ALJ made no legal error and the ALJ's decision is supported by substantial evidence on the record as a whole.'" *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (quoting *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014)). In other words, the factual findings of the Commissioner are conclusive so long as they are supported by substantial evidence. 42 U.S.C. § 405; *see also Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The United States Supreme Court identifies "substantial evidence" as a term of art and directs a court using that standard to determine whether there is "sufficient evidence" in the existing administrative record "to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019).

The standard for substantial evidence is not high. *Id.* at 103. "Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Supreme Court further defines "more than a mere scintilla" as meaning only that there must be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations omitted).

Alleged legal error by the ALJ is reviewed *de novo*. *Collins v. Astrue*, 648 F.3d 869, 871 (8th Cir. 2011). "Legal error may be an error of procedure, the use of erroneous legal standards, or an incorrect application of the law." *Lucus v. Saul*, 960 F.3d 1066, 1068 (8th Cir. 2020) (citing *Collins*, 648 F.3d at 871) (internal quotations omitted).

Furthermore, while the Court "must consider evidence in the record that fairly detracts from, as well as supports" the agency decision, the Court will not reverse an agency decision "merely because [it] find[s] that substantial evidence exists in the record that would have supported a contrary outcome." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (internal quotations omitted). Instead, the Court "will disturb the [ALJ's] decision only if it falls outside the available zone of choice." *Bonham v. Bisignano*, 177 F.4th 934, 940 (8th Cir. 2026) (internal quotations omitted) (alteration in original).

## DISCUSSION

Plaintiff's sole argument is that, because the ALJ found mild mental impairments and limitations, she was "obligated . . . to consider [the] fact *very carefully* when considering whether [Plaintiff] can perform skilled jobs despite his mental impairments, and the decision was devoid of such analysis." (Doc. 9 at 4) (emphasis in original). Plaintiff claims this is not harmless error "because, if limited to light jobs *but unable to perform skilled jobs*, he is in arguably [sic] 'disabled' pursuant to SSA's 'grid rules.'" *Id.* (emphasis in original) (internal citations omitted).

The major problem with Plaintiff's argument is that the ALJ did, in fact, properly account for Plaintiff's "mild mental impairments" when finding that Plaintiff can return to his past highly skilled job. (Doc. 13 at 3).

The ALJ was required to consider all of Plaintiff's impairments, including non-severe impairments, in determining Plaintiff's RFC. 20 C.F.R. §§ 404.1545(a)(1)–(2), 416.945(a)(1)–(2). But she was not required to impose mental limitations in the RFC simply because she found a mild level of mental impairment. *See, e.g.*, *Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018) (citing *Lacroix v. Barnhart*, 465 F.3d 881, 888 n.3 (8th Cir. 2006)) ("Each step in the disability determination entails a separate analysis and legal standard.").

Here, at Step Two, the ALJ found a "mild limitation" in the area of "concentrating, persisting or maintaining pace." (Doc. 5-3 at 18). While she found this limitation at Step Two, the ALJ "did not incorporate any mental limitations into Plaintiff's RFC." *Debbie L. D. v. O'Malley*, No. 23-cv-649 (DLM), 2024 WL 1331989, at *4 (D. Minn. Mar. 28, 2024). But unlike in *Debbie L. D.*, the ALJ did discuss concentration, persisting, or maintaining pace in her RFC determination. Indeed, the ALJ explained that she found the State's psychologist's opinion persuasive. The psychologist's opinion was that Plaintiff "had no problems understanding, remembering, or carrying out simple or complex instructions[,]" Plaintiff "had no problems making judgments on simple or complex work-related decisions[,]" Plaintiff "could complete work[-]like tasks within an acceptable timeframe[,]" and Plaintiff could respond "to usual work situations." (Doc. 5-3 at 26). That opinion was "supported by the concurrent examination which was overwhelmingly normal and consistent with the record as a whole, which show[ed] largely normal mental status examinations." *Id.* The ALJ explicitly found "the State agency psychological consultants' opinions" persuasive for the same reasons, noted that "[o]n reconsideration, the reviewer assessed

not more than mild in any area," and observed that the reviewer's assessment was "supported by the concurrent review of the evidence and consistent with the record as a whole . . . ." *Id.*

Thus, the ALJ properly considered the evidence and provided a reasonable explanation "logically bridged" to the evidence to support her decision, which does not fall outside the "available zone of choice." *Bonham*, 177 F.4th at 940 (internal quotations omitted).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED**.

The Clerk of Court is directed to close this case.

So ordered this 5th day of November 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE